DA 08-0188

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 85N

DOUGLAS L. PLOUFFE,

      Plaintiff and Appellant,

   v.

STATE OF MONTANA, SECRETARY OF STATE,
DEPARTMENT OF LABOR & INDUSTRY, JOHN
DOES I though XX,

      Defendants and Appellees.

APPEAL FROM:   District Court of the Seventeenth Judicial District,
                In and For the County of Blaine, Cause No. DV 06-11
                Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Douglas L. Plouffe, (self-represented litigant); Chinook, Montana

      For Appellees:

           Hon. Steve Bullock, Montana Attorney General; A. Peter Funk, Assistant
           Attorney General; Helena, Montana

                    Submitted on Briefs:  January 14, 2009

                            Decided:  March 17, 2009

Filed:

           _____
                         Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Douglas L. Plouffe (Plouffe) appeals from an order from the Seventeenth Judicial District Court, Blaine County, which granted summary judgment to Defendants State of Montana, Secretary of State, Department of Labor and Industry and John Does I through XX (collectively, State), dismissing the action as time barred. We affirm.

¶3 Plouffe's claims concern Sleeping Buffalo Management, Inc. (SBMI), a Montana corporation that operated a resort near Saco. Roger F. Ereaux (Ereaux) formed SBMI and was the manager of the resort operations. Plouffe became a shareholder in SBMI in 1987. From 1987 through 1999, Ereaux was responsible for filing all State and federal reports on behalf of SBMI. Action by the State in 1992 resulted in Plouffe becoming the sole SBMI stockholder, but Ereaux retained his authority and duties as manager of the resort.

¶4 The Secretary of State (SOS) initiated involuntary dissolution of SBMI under § 35-6-104, MCA, for failure to file an annual corporation report in 1995. In January of 1996, Plouffe applied for reinstatement of SBMI, which was rejected by the SOS because of failure to include a tax certificate from the Department of Revenue certifying that all

2

taxes had been paid. In September of 1996, SBMI was reinstated by the SOS. At that time Ereaux was removed as registered agent and Plouffe was substituted.

¶5 When Ereaux resigned as resort manager in 1998, Plouffe ordered Ereaux to close the resort. However, assuming liabilities, Ereaux kept the resort operating. The Department of Labor and Industry (DLI) sought payment of unemployment insurance taxes from SBMI in 1998 by sending the bills to the address for the resort at Saco. Plouffe did not directly receive the notices from DLI or Ereaux and did not pay the unemployment taxes. In 1999, DLI filed three lien certificates in Phillips County against SBMI and Plouffe, individually, for failure to pay the taxes in the sums of $1,957.83, $415.14 and $100.70.

¶6 Plouffe filed a petition on June 13, 2006, initiating this lawsuit. The claims included: 1) Plouffe lost the SBMI resort to Ereaux and his associates due to illegal actions by the State; 2) the alleged actions include that the SOS falsified documents for reinstatement of corporate status for SBMI under § 35-6-201, MCA, by changing the date in the application for reinstatement from January 4, 1996 to September 4, 1996, and concealing this information from Plouffe; 3) that the SOS falsified his 1996 annual corporation report; and 4) that the State committed fraud by concealing its actions to Plouffe's detriment; and 5) that DLI tortiously, and without proper notice, slandered him by filing liens against Plouffe's property without affording him a hearing. The State construed the petition as a complaint and filed an answer and demand for jury trial that included the affirmative defenses of failure to plead fraud with sufficient particularity and that the claims were barred by statutes of limitations.

3

¶7      In December of 2007, the State filed a motion for summary judgment and supporting brief on the ground that Plouffe's claims were not timely filed, urging the District Court to dismiss the action pursuant to §§ 27-2-203, 204(3) and 27-2-211(1)(c), MCA. Plouffe opposed the motion.

¶8      In March of 2008, the District Court determined that Plouffe pled with sufficient particularity his fraud claim based upon the lien filings and the representations related to the 1996 application to reinstate SBMI as a corporation. However, the court was unable to determine which false representation related to the 1996 annual corporation report, and concluded the fraud claim based thereon was not pled with sufficient particularity. The District Court further determined that Plouffe's fraud and slander claims were barred by either the two or three-year statute of limitations,[1] granted the State's motion for summary judgment, and entered an order dismissing the action.

¶9      The issue presented on appeal is whether the District Court erred in granting summary judgment and dismissing the lawsuit. We review a summary judgment ruling de novo. Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Eastgate Village Water and Sewer v. Davis*, 2008 MT 141, ¶ 18, 343 Mont. 108, 183 P.3d 873 (*citing Watkins Trust v. LaCosta*, 2004 MT 141, ¶ 16, 321 Mont. 432, 92 P.3d 620). We review a district court's conclusions of law to determine whether they are correct. *Eastgate Village*, ¶ 19.

---

[1] The District Court was referring to the two-year statute of limitations in §§ 27-2-203, 27-2-204(3) and 27-2-211(1)(c), MCA, and the three-year limit under § 27-2-204(1), MCA.

¶10 Statutes of limitations generally begin to run from the time a cause of action accrues. Lack of knowledge that a claim exists does not postpone the commencement of the limitation period. Section 27-2-102(2), MCA. When the facts are "self-concealing" or affirmative action was taken to prevent a party from discovering the facts that give rise to the cause of action, the limitation period begins when the facts have been discovered, or with the exercise of due diligence, should have been discovered. *Cartwright v. Equitable Life Assur.*, 276 Mont. 1, 914 P.2d 976 (1996); Section 27-2-102(3), MCA. The District Court found the allegedly false representations are matters of public record which are not self-concealing.

¶11 Plouffe had the burden of establishing that he exercised ordinary diligence to discover the facts underlying his claims. *Osterman v. Sears Roebuck*, 2003 MT 327, ¶¶ 26-27, 318 Mont. 342, 80 P.3d 435. The test is whether the plaintiff has sufficient information of circumstances that would cause a reasonable person to inquire. *See Osterman*, ¶ 27. Plouffe's claims arose in 1996 and 1999. The District Court determined from the uncontested material facts that by 1999, a reasonable person would have inquired to determine if SBMI was paying the required unemployment contributions. Though Ereaux was managing the resort, Plouffe was its sole shareholder and only corporate officer. Plouffe's lackadaisical oversight of the resort and corporate business demonstrates that he did not exercise ordinary diligence. Plouffe's lack of knowledge that due diligence was required does not constitute a plausible excuse to toll the statute of limitations. We conclude that the District Court correctly determined that Plouffe failed

to establish that he exercised due diligence. Plouffe's claims are thus barred by statutes of limitations.

¶12    We have determined it is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the action was not filed within the applicable statute of limitations, and the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶13    Affirmed.

/S/ JIM RICE

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS